Kevin R. Sutherland (State Bar No.: 163746)
Scott J. Lantry (State Bar No.: 257629)
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801
Email:  kevin.sutherland@clydeco.us
        scott.lantry@clydeco.us

Attorneys for Defendant
PHILIPPINE AIRLINES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMOGENE CORTEZ-WYRSCH, an individual<br><br>Plaintiff,<br><br>v.<br><br>PHILIPPINE AIRLINES, INCORPORATED, a Philippine corporation,<br><br>Defendant. | Case No.: 3:12-cv-03282-JST<br><br>STIPULATION AND [~~PROPOSED~~] ORDER TO COMPEL PRODUCTION OF DOCUMENTS<br><br>Date:   April 4, 2013<br>Time:   11:00 a.m.<br>Place:  Courtroom F – 15th Fl.<br>Judge:  U.S. Magistrate Judge<br>        Jacqueline Scott Corley<br><br>Trial Date: None<br>Complaint Filed: June 25, 2012 |

WHEREAS, on October 5, 2012, Defendant Philippine Airlines propounded upon plaintiff Imogene Cortez-Wyrsch ("Plaintiff") its First Set of Document Requests to Plaintiff Imogene Cortez-Wyrsch, and its First Set of Interrogatories to Plaintiff Imogene Cortez-Wyrsch (collectively, "Discovery Requests");

WHEREAS, plaintiff's responses to Philippine Airlines' Discovery Requests were due November 7, 2012;

WHEREAS, plaintiff did not timely respond to Philippine Airlines'

STIPULATION AND ORDER TO COMPEL PRODUCTION OF DOCUMENTS

Discovery Requests and did not request an extension of time to respond;

WHEREAS, following several attempts to meet and confer, plaintiff produced her verified responses to Discovery Requests on January 22, 2013 (hereafter "Discovery Responses");

WHEREAS, Philippine Airlines contends plaintiff's Discovery Responses are deficient and constitute a failure to respond under Federal Rule of Civil Procedure 37(a), and therefore Philippine Airlines filed with the Court a letter brief on March 22, 2013 in respect of plaintiff's Discovery Responses as required by Standing Order;

WHEREAS, the parties met and conferred via telephone on March 26, 2013, and plaintiff agreed to provide supplemental responses to Discovery Requests, as set forth in correspondence from counsel for Philippine Airlines, attached as Exhibit A hereto;

WHEREAS, plaintiff has not provided Philippine Airlines with completed supplemental responses to Discovery Requests as of the close of business on April 3, 2013;

WHEREAS, the parties wish to avoid the need for a contested hearing on April 4, 2013 in respect of plaintiff's Discovery Responses;

THE PARTIES DO HEREBY STIPULATE THAT good cause exists for the Court to issue an Order compelling plaintiff to provide supplemental responses to the following Discovery Requests: Request for Production of Documents Nos. 1, 2 3, 4, 5, 7, 8, 9 and 11, and Special Interrogatories Nos. 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 15 and 18.

Plaintiff shall provide all the foregoing supplemental discovery responses on or before April 18, 2013. Failure to comply with this Order shall constitute a failure to obey an Order to provide or permit discovery warranting the imposition of sanctions as permitted under Federal Rule of Civil Procedure 37(b).

The parties further stipulate that, provided this Stipulation is entered as an

Order of the Court, the hearing scheduled for April 4, 2013 on Philippine Airlines' letter brief filed March 22, 2013 shall be vacated.

Dated: April 3, 2013          CLYDE & CO US LLP

                              By: _____
                              KEVIN R. SUTHERLAND
                              SCOTT J. LANTRY
                              Attorneys for Defendant
                              PHILIPPINE AIRLINES

Dated: April 3, 2013          HALE LAW GROUP

                              By: _____
                              JOSHUA D. HALE
                              Attorney for Plaintiffs
                              IMOGENE CORTEZ-WYRSCH

IT IS SO ORDERED.

Dated: April 4, 2013
                              _____
                              JACQUELINE SCOTT CORLEY
                              UNITED STATES MAGISTRATE JUDGE

# Exhibit A

Case3:12-cv-03282-JST Document22 Filed04/04/13 Page4 of 7



## CLYDE&CO
### US LLP

101 Second Street
24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
www.clydeco.us
Scott J. Lantry
Scott.Lantry@clydeco.us

March 29, 2013

**VIA MAIL AND EMAIL [PDF]**

Joshua D. Hale, Esq.
Hale Law Group
3246 Juniper Street
San Diego, California 92104-5648

Re: **Philippine Airlines/Imogene Cortez-Wyrsch**
**Clyde Ref.: 1210444**

Dear Mr. Hale:

This letter confirms the agreements reached during our telephonic meet and confer on March 26, 2013.

During our conversation we requested that, before the April 4, 2013 discovery hearing currently scheduled before Magistrate Judge Corley, plaintiff provide supplemental verified responses to certain discovery requests propounded by defendant Philippine Airlines ("PAL") as detailed below. For each of these disputed discovery requests, we asked that plaintiff state in her verified responses either that (1) additional documents and/or information responsive to the request are in the possession, custody or control of plaintiff, and that all such documents and interrogatory responses are included in plaintiff's supplemental responses received by our office before April 4, 2013, or that (2) plaintiff state in her supplemental verified discovery that, following a reasonably diligent search and inquiry, no such documents or information are in her possession, custody or control except those produced to date (if any).

You had no objection to this proposal. You recognized plaintiff's obligation to produce supplemental verified discovery responses as requested. You stated you would make every effort to provide plaintiff's supplemental discovery responses as requested before April 4, 2013.

As we stated during the call, if plaintiff provides verified supplemental responses to each of the following discovery requests, in the manner we discussed and referenced herein, we will consider this discovery matter resolved and will agree to vacate the hearing currently scheduled before Magistrate Judge Corley on April 4, 2013 per the Court's Order Re: Defendant's Discovery Letter Brief, filed March 25, 2013, enclosed for your reference.

The specific additional responses we discussed and reached agreements on are as follows:

Clyde & Co US LLP is a Delaware limited liability partnership with offices in New Jersey, New York and San Francisco.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.



Joshua D. Hale, Esq.
March 29, 2013
Page 2

***Request for Production of Documents No. 7*** – Thank you for transmitting two photographs on March 26, 2013, in addition to the one previously provided. We await plaintiff's verified response regarding this request as detailed above.

***Request for Production of Documents Nos. 4-5 and Interrogatories Nos. 3, 18*** – These document requests and interrogatories seek all information in respect of plaintiff's damages, including but not limited to her lost income. You stated plaintiff is an independent contractor who works on commission and has difficulty when calculating these damages. You did recognized plaintiff's obligation to produce this information, however. As we discussed, we would accept an interrogatory response (with all supporting documentation as requested) that lists the amount of income and other damages plaintiff suffered and the manner in which that amount was calculated, including by reference to the dates and all other circumstances of those losses.

***Request for Production of Documents Nos. 1, 2, 3, 8, 9 and 11*** – Thank you for expressing your intention to provide supplemental responses to these requests before April 4, 2013, in the format referenced above. Such responses will help address our concern that plaintiff possesses additional responsive documents that she has not produced.

***Special Interrogatory No. 11*** – Thank you for stating that you will endeavor to provide a supplemental response to this interrogatory, as detailed above, in particular regarding plaintiff's injuries in respect of the incident in question. In addition, should plaintiff elect to respond to this interrogatory by reference to "business records," you agreed to comply with the requirement of Federal Rule of Civil Procedure 33(d) that plaintiff must "specif[y] the records . . . in sufficient detail to enable [PAL] to locate and identify them as readily as the responding party could."

***Special Interrogatory No. 12*** – Thank you for agreeing to work with plaintiff to provide supplemental verified responses confirming that we have been given a complete list of all plaintiff's medical care providers in respect of the incident referenced in plaintiff's complaint, including medical care providers with whom plaintiff has only consulted.

***"Spinal Fusion" Documents*** – Thank you also for stating that you are obtaining all medical records in respect of plaintiff's alleged need for a "spinal fusion," such as diagnosis, recommendations, and doctor's notes, including all documents from the Neurology Clinic of Marin which may perform the procedure.

***Special Interrogatory No. 10*** – Thank you for stating you would provide the case number, case documents and additional information called for by this interrogatory in connection with *Cortez-Wyrsch v. City of Honolulu*, or confirm that, following a reasonably diligent search, such information is not in plaintiff's possession, custody or control.

***Special Interrogatories Nos. 3-8, Inclusive*** – Thank you for stating you appreciate Philippine Airlines' concern that these responses appear to expressly exclude information that is in plaintiff's possession, custody or control, and that you intend to provide a supplemental verified response in the manner described above.

974644v1



Joshua D. Hale, Esq.
March 29, 2013
Page 3

**Special Interrogatories Nos. 4, 5, 8, 13 & 15** – Thank you for stating that, for all interrogatory responses that seek to incorporate by reference "business records" pursuant to Federal Rule of Civil Procedure 33(d), that such responses shall "specif[y] the records . . . in sufficient detail to enable [PAL] to locate and identify them as readily as the responding party could."

**Deposition of Plaintiff** – As stated during our call, Philippine Airlines will take plaintiff's deposition. Thank you for agreeing to that our office will serve as the location of the deposition. We look forward to receiving the dates you and plaintiff are available to appear for deposition, as we discussed.

We await plaintiff's supplemental verified responses, and are hopeful we can resolve this matter without the need for a hearing.

Very truly yours,

Scott J. Lantry

Enclosure

974644v1